No. 22-15815

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRANDON BRISKIN,
on behalf of himself and those similarly situated,
*Plaintiff-Appellant,*

v.

SHOPIFY INC., *et al.*,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California, No. 4:21-cv-06269-PJH
Hon. Phyllis J. Hamilton, United States District Judge

## UNOPPOSED MOTION FOR EXTENSION OF SUPPLEMENTAL BRIEFING DEADLINES

| | |
|---|---|
| Seth Safier | Nicolas A. Sansone |
| Matthew T. McCrary | Allison M. Zieve |
| Gutride Safier LLP | Scott L. Nelson |
| 100 Pine Street, Suite 1250 | Public Citizen Litigation Group |
| San Francisco, CA 94114 | 1600 20th Street NW |
| (415) 639-9090 | Washington, DC 20009 |
| | (202) 588-1000 |

*Attorneys for Plaintiff-Appellant*

May 28, 2024

# UNOPPOSED MOTION FOR EXTENSION OF SUPPLEMENTAL BRIEFING DEADLINES

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1, Plaintiff-Appellant Brandon Briskin moves for an 11-day extension of the deadlines set out in this Court's May 23, 2024, order for his supplemental brief and for the briefs of amici curiae supporting Plaintiff-Appellant or supporting neither party. In light of counsel's prior intervening commitments, this brief extension is necessary for counsel to consider and present argument on the three issues on which the Court requested supplemental briefing. Plaintiff-Appellant has not previously requested an extension of the supplemental briefing deadlines. Defendants-Appellees consent to this request but request a corresponding 14-day extension of the deadlines for their supplemental brief and for the briefs of amici curiae supporting Defendants-Appellees.

**1.** On November 28, 2023, a panel of this Court issued a published opinion in this case, affirming the district court's dismissal of Plaintiff-Appellant's data-privacy claims against Defendants-Appellees for lack of personal jurisdiction. *Briskin v. Shopify, Inc.*, — F.4th —, 2023 WL 8225346 (9th Cir. Nov. 28, 2023). On January 11, 2024, Plaintiff-Appellant petitioned the Court for rehearing en banc. The Court granted

the motion and vacated the panel opinion on May 14, 2024. The matter will be scheduled for argument during the week of September 23, 2024.

On May 23, 2024, this Court entered an order requesting supplemental briefing on three issues and setting the following deadlines:

- Plaintiff-Appellant's brief will be due **June 14, 2024**;
- Amicus curiae briefs in support of Plaintiff-Appellant or in support of neither party will be due **June 21, 2024**;
- Defendants-Appellees' brief will be due **July 12, 2024**;
- Amicus curiae briefs in support of Defendants-Appellees will be due **July 19, 2024**.

**2.** Plaintiff-Appellant now seeks an 11-day extension of the deadlines for his supplemental brief and for amicus curiae briefs supporting Plaintiff-Appellant or supporting neither party. Defendants-Appellees have consented to the request, asking in turn that the deadlines for their brief and for amicus curiae briefs supporting Defendants-Appellees be extended likewise and by an additional 3 days. Briefing would therefore be complete 14 days after the date contemplated

2

by the current schedule and well in advance of oral argument in late September. Under the proposed schedule:

- Plaintiff-Appellant's brief would be due **June 25, 2024**;
- Amicus curiae briefs in support of Plaintiff-Appellant or in support of neither party would be due **July 2, 2024**;
- Defendants-Appellees' brief would be due **July 26, 2024**;
- Amicus curiae briefs in support of Defendants-Appellees would be due **August 2, 2024**.

Several considerations support Plaintiff-Appellant's request for an extension of the briefing deadlines. The Court's order requests briefing on several important issues: how to analyze personal jurisdiction in cases involving online conduct, whether certain prior holdings of this Court should be overruled, and what role the Fourteenth Amendment's original meaning should play in this Court's assessment of personal jurisdiction. Resolution of these issues will have a considerable impact on this case and future cases, and counsel will need to ensure that each issue receives sufficient research and close consideration.

At the same time, the schedule of undersigned counsel, who is lead counsel on this appeal and responsible for the supplemental brief, would

3

make it difficult to present this Court with considered analysis in the three weeks provided under the current schedule setting a June 14 deadline for Plaintiff-Appellant's supplemental brief. Among other professional obligations, undersigned counsel has a brief due to this Court on that same day in *Daghaly v. Bloomingdales.com, LLC*, No. 23-4122, and he is preparing for an in-person court appearance the next business day, June 17, 2024, in a case pending in Syracuse, New York. In addition, he will need to coordinate with his co-counsel, who also have a number of professional obligations in the upcoming weeks. An 11-day extension of the deadline for his supplemental brief, along with corresponding extensions of the other deadlines set forth in this Court's May 23, 2024, order will enable counsel to fully research and prepare the supplemental brief on the important issues identified by this Court.

## CONCLUSION

Plaintiff-Appellant's unopposed motion to extend the deadlines set forth in this Court's May 23, 2024, order should be granted.

Respectfully submitted,

/s/ Nicolas A. Sansone

| | |
|---|---|
| Seth Safier | Nicolas A. Sansone |
| Matthew T. McCrary | Allison M. Zieve |
| Gutride Safier LLP | Scott L. Nelson |
| 100 Pine Street, Suite 1250 | Public Citizen Litigation Group |
| San Francisco, CA 94114 | 1600 20th Street NW |
| (415) 639-9090 | Washington, DC 20009 |
| | (202) 588-1000 |

*Attorneys for Plaintiff-Appellant*

May 28, 2024

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and the Rules of this Court, it contains 690 words.

This motion also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required under Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

/s/ Nicolas A. Sansone
Nicolas A. Sansone
*Attorney for Plaintiff-Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Unopposed Motion for Extension of Supplemental Briefing Deadlines with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on May 28, 2024, using the Appellate Electronic Filing system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Nicolas A. Sansone
Nicolas A. Sansone
*Attorney for Plaintiff-Appellant*